UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **PERRY HARRINGTON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No.: 13-2246-CSB-JAG |
| | ) |
| | ) |
| **ILLINOIS STATE POLICE,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MERIT REVIEW OPINION

**COLIN S. BRUCE, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Perry Harrington's claims.

## I.
## MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed *in forma pauperis*. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*. The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

1

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Harrington has sued Defendants alleging that his arrest on May 27, 2009, was unlawful and was in violation of his Fourth Amendment rights. Harrington alleges that Defendants acted in concert to arrest him unlawfully and that he has been vindicated of the charges in state court. As a result, Harrington seeks damages.

However, Harrington's unlawful arrest claim is barred by the applicable statute of limitations. The applicable statute of limitations period to Harrington's unlawful arrest claim is the two-year Illinois statute of limitations period for personal injury actions. *Williams v. Heavener*, 217 F.3d 529, 531 (7th Cir. 2000). Moreover, "[t]he statute of limitations on a § 1983 complaint begins to run on the date of the arrest, rather than the date of the subsequent state court adjudication." *Perry v. Sullivan*, 207 F.3d 379, 381 (7th Cir. 2000); *Kelley v. Myler*, 149 F.3d 641, 645 (7th Cir. 1998)(explaining that the statute of limitations period on a false arrest claim begins to run on the date of the arrest). Finally, although the statute of limitations is an affirmative defense, dismissal on the allegations is appropriate when "the facts pleaded in the

complaint establish that a claim is time barred." *Logan v. Wilkins*, 644 F.3d 577, 582-83 (7th Cir. 2011).

Here, Harrington has unequivocally alleged that his arrest occurred on May 27, 2009. Because he did not file this suit until October 29, 2013, Harrington's unlawful arrest claim is barred by the applicable two-year statute of limitations period, and this case is dismissed.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff Perry Harrington's Complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A because it is barred by the applicable statute of limitations period. Any further amendment to the Complaint would be futile because Plaintiff's claim is not cognizable.

2. This dismissal shall count as one of Harrington's three allotted "strikes" pursuant to 28 U.S.C. § 1915(g).

3. If Harrington wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues he plans to present on appeal. Fed. R. App. P. 24(a)(1)(C). If Harrington does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

4. **This case is, therefore, closed, and the clerk is directed to enter a judgment pursuant to Federal Rule of Civil Procedure 58. The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log. All pending motions are DENIED as moot.**

Entered this 18th day of December 2013.

                                         /s Colin S. Bruce
                                         COLIN S. BRUCE
                               UNITED STATES DISTRICT JUDGE